# CV 09 5129

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TARA PRZYBYLA,

                              Plaintiff,

          -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE OFFICER BRIAN MCMURRAY,
SUFFOLK COUNTY POLICE OFFICER
ROBERT MUDZINSKI, SUFFOLK COUNTY
POLICE OFFICER PETER ERVOLINA and
SUFFOLK COUNTY POLICE OFFICERS JOHN
DOES 1-4 in their official and individual
capacities,

                              Defendants.

**Docket No.:**

**COMPLAINT**

*A JURY TRIAL IS HEREBY DEMANDED*

ORIGINAL
FILED

SEYBERT, J.
BOYLE, M.

          Plaintiff, by and through her attorneys, The Law Offices of Frederick K. Brewington, as and

for her Complaint against the Defendants, respectfully sets forth:

## INTRODUCTION

          1.        This is an action for money damages against COUNTY OF SUFFOLK, SUFFOLK

COUNTY POLICE OFFICER BRIAN MCMURRAY, SUFFOLK COUNTY POLICE OFFICER

ROBERT MUDZINSKI, SUFFOLK COUNTY POLICE OFFICER PETER ERVOLINA,

SUFFOLK COUNTY POLICE OFFICERS JOHN DOES 1-4, yet unknown and unidentified

members of the Suffolk County Police Department, in their official and individual capacities,

(hereinafter referred to as "SCPD OFFICERS"), for committing acts under color of the law,

depriving Plaintiff or rights secured by the Constitution and laws of the United States and State of

New York, as well as false arrest, malicious prosecution, abuse of process, discriminatory

harassment, assault, battery, infliction of emotional distress, unnecessary use of force, negligent

supervision, failure to properly train, and negligence, all in violation of 42 U.S.C. §§1983, 1985 and related State laws as stated herein.

2.      Upon information and belief, Defendant SCPD OFFICERS discriminatorily harassed, assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause beat TARA PRZYBYLA, causing physical harm and extreme pain and suffering, in violation of Plaintiff's Constitutional and Civil Rights.

3.      Upon information and belief, Defendant SCPD OFFICERS, without probable cause, justification or any reason, except an intent to deprive Plaintiff of her rights, and the SCPD OFFICERS' knowledge that their wrongful conduct had the tacit authorization of the COUNTY OF SUFFOLK, and other SCPD OFFICERS, upon accosting TARA PRZYBYLA, who was without provocation, reason, probable cause or threat to her own safety or the safety of others, proceeded to use unnecessary force, and negligently, purposefully, intentionally, and maliciously beat TARA PRZYBYLA about her body, causing multiple wounds, without care or action to their acts leading to serious physical injuries, and extreme pain and suffering.

4.      Upon information and belief, Defendants COUNTY OF SUFFOLK, and SCPD OFFICERS, failed to properly administrate, investigate, supervise and discipline the actions of Defendant SCPD OFFICERS before, during, and after the false arrest, malicious prosecution, abuse of process, assault and battery of Plaintiff TARA PRZYBYLA.

5.      Upon information and belief, COUNTY OF SUFFOLK was negligent in training, hiring, and supervising Defendant SCPD OFFICERS, thus leading to the unjustified excessive force, battery, assault, false arrest, malicious prosecution and abuse of process.

6.      Upon information and belief, COUNTY OF SUFFOLK and SCPD OFFICERS are liable for the violation of rights, discriminatory harassment, assault, battery, excessive force, beating, and improper restraint because the COUNTY OF SUFFOLK, SCPD OFFICERS, and have ignored, condoned, and permitted a pattern of excessive force and abuse of process, and have failed to discipline the SCPD OFFICERS involved in such incidents, and failed to investigate, with the result that officers of COUNTY OF SUFFOLK and SCPD OFFICERS, encouraged to believe that they can violate the rights of persons such as the Plaintiff TARA PRZYBYLA with impunity, and that the COUNTY OF SUFFOLK and SCPD OFFICERS have acted and continue to act in violation of individual rights constituting, their policy.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide any and all claims arising under State law.

8.      Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal law § 50 et. seq. and CPLR 215 as against each municipal Defendants. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same. Plaintiff has complied with her obligations under the General Municipal Law.

9.      Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

10.     During all times mentioned in this Complaint, Plaintiff  TARA PRZYBYLA (hereinafter "PLAINTIFF" or "MS. PRZYBYLA") is a female citizen of the United States, born on January 29, 1973, currently residing in the County of Suffolk and having resided in the County of Suffolk at the time of the incident herein.

11.     During all times mentioned in this Complaint, Defendant COUNTY OF SUFFOLK (hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York, and is/was the employer of the Suffolk County Police Department and the Department's Police Officers and Suffolk County District Attorney's Office, and its District Attorneys.

12.     During all times mentioned in this Complaint, Defendant SCPD OFFICERS were at all times herein mentioned police officers, employed by the COUNTY  under the direction of Defendants, the SCPD OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

13.     During all times mentioned in this Complaint, Defendant SCPD OFFICERS were state actors acting in their official capacities and were employed by the COUNTY acting under the direction of the COUNTY, and Suffolk County Police Department.

14.     During all times stated herein, Defendant POLICE OFFICER BRIAN MCMURRAY, (hereinafter "MCMURRAY") was and still is a Police Officer in the Suffolk County Police Department, and at all times was acting in his individual and official capacity and was employed by the COUNTY acting under the direction of Defendant COUNTY.

15.     During all times stated herein, Defendant POLICE OFFICER ROBERT MUDZINSKI, (hereinafter "MUDZINSKI") was and still is a Police Officer in the Suffolk County Police Department, and at all times was acting in his individual and official capacity and was employed by the COUNTY acting under the direction of Defendant COUNTY.

16.     During all times stated herein, Defendant POLICE OFFICER PETER ERVOLINA, (hereinafter "ERVOLINA") was and still is a Police Officer in the Suffolk County Police Department, and at all times was acting in his individual and official capacity and was employed by the COUNTY acting under the direction of Defendant COUNTY.

17.     During all times mentioned in this Complaint, Defendants, each of them, were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Suffolk.

18.     During all times mentioned in this Complaint, Defendants, each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which correction officers may appropriately and legally engage in the course of protecting persons, inmates, prisoners, property, or ensure civil order.

19.     During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiffs; each of the Defendants failed and refused to perform that duty and failed and refused restraint the other Defendants, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon the Plaintiff.

20.     During all times mentioned in this Complaint, Defendants had the power and the duty to conduct a full and fair investigation of the SCPD OFFICERS.  The Defendants failed to timely and sufficiently investigate the actions of the SCPD OFFICERS as stated herein.

## STATEMENT OF FACTS

21.     On or about the morning of August 23, 2008, Plaintiff TARA PRZYBYLA was driving a vehicle in Suffolk County Long Island, that was accompanied by another vehicle driven by her girlfriend.

22.     As she was pulling over onto the shoulder of Sunrise Highway Service Road in or around the Town of Islip, one police cruiser with sirens simultaneously pulled up behind the vehicles driven by Plaintiff and her friend.

23.     Police Officer approached Plaintiff's vehicle on foot but immediately directed his attention to the vehicle of Plaintiff's friend.   As Plaintiff was waiting patiently in the vehicle that she was driving, one or two other Police Vehicles arrived at the scene.  No one approached Plaintiff's vehicle at this time. She then witnessed her girlfriend being removed from the vehicle and her friend voluntarily submitting to various field sobriety tests.

24.     At some point in time, the SCPD OFFICERS transported her girlfriend to an area which was out of Plaintiff's sight for a few minutes, at which time Plaintiff heard screams and cries coming from her friend.

25.     After collecting her identification from the vehicle, Plaintiff stepped out of the vehicle to locate the whereabouts and condition of her girlfriend.  Plaintiff was abruptly met by SCPD OFFICER ROBERT MUDZINSKI who immediately began to question Plaintiff.SCPD OFFICER ROBERT MUDZINSKI then requested that Plaintiff perform various field sobriety tests

to which she submitted. No such request had been made prior to the utterances of screams and cries from Plaintiff's friend.

26.     After Plaintiff submitted to the various field sobriety tests, SCPD OFFICER ROBERT MUDZINSKI left Plaintiff alone standing at that location and walked away from her and towards one of the police vehicles. At this point in time, three to four vehicles were on the scene. SCPD OFFICER ROBERT MUDZINSKI returned from the police vehicle with an object which appeared to be a Breathalyzer apparatus.

27.     SCPD OFFICER ROBERT MUDZINSKI then thrusted himself aggressively towards Plaintiff and attempted to forcefully place an unidentified object into her mouth. Plaintiff recalls several additional SCPD OFFICERS quickly gather around Plaintiff from behind in a threatening, aggressive and forceful manner and then began to assault and batter her. A passenger in the vehicle that Plaintiff was driving observed the aggressive and forceful nature of SCPD OFFICERS towards Plaintiff and immediately began waving her hands in an attempt to get the attention of other SCPD OFFICERS hoping that they would stop abusing Plaintiff. Only one SCPD OFFICER turned his attention to the passenger in Plaintiff's vehicle and began to walk away from Plaintiff and towards the car that Plaintiff was driving.

28.     All the while Plaintiff continued to yell for SCPD OFFICERS to stop assaulting and battering her and trying to force the unidentified object into her mouth. Rather than the other SCPD OFFICERS stepping in to prevent the assault and battery by certain SCPD OFFICERS, they allowed the abuse to continue and stayed with Plaintiff's passenger, while certain SCPD OFFICERS continued with the violent assault and unwarranted battery of Plaintiff. Approximately three SCPD OFFICERS forcefully pushed the object into Plaintiff's mouth while simultaneously taking her down

to the ground.

29.     Plaintiff recalls one JOHN DOE  SPCD OFFICER placing pressure on Plaintiff's foot, another JOHN DOE SCPD OFFICER placing pressure on  her head and  knees, while one of the officers grabbed her hair, violently bringing her head first, then body, to the concrete barrier.  At the same time, the JOHN DOE SCPD OFFICERS clawed her mouth open and shoved an unidentified object into her mouth.

30.     As a result of Defendants' assaultive behavior, Plaintiff suffered injuries to her face and body requiring emergency medical attention.

31.     Upon information and belief, Plaintiff was rendered unconscious by the violent conduct of the officers as she recalls gaining consciousness in the back of a police cruiser in handcuffs covered with blood from her open wounds on her face and head.

32.     Despite Plaintiff's obviously severe physical injuries, Plaintiff was denied immediate medical attention and forced to remain in the police cruiser at the same location for an unreasonable time.

33.     Upon information and belief, as Plaintiff was sitting in the police cruiser, she slipped in and out of consciousness.  Finally, in response to Plaintiff's requests for medical attention, Plaintiff was taken to a hospital where Plaintiff received over sixty sutures in her head and mouth as result of injuries suffered at the hands of the Defendants.

34.     As a result of the excessive, unnecessary, and unlawful force used by Defendant SCPD OFFICERS, all of which constituted extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe and extreme physical and emotional harm.

35.     Subsequent to being treated at the hospital, Plaintiff was falsely accused and charged criminally with Refusal to take a Breath Test, Operating a Motor Vehicle while Intoxicated, Resisting Arrest, and Failure to Stay in a Single Lane. Plaintiff is currently being prosecuted maliciously by the Defendants COUNTY and SCPD OFFICERS  and is forced to defend her freedom and liberty.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - FIRST, FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS

36.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37.     On or about August 23, 2008, Plaintiff  was falsely arrested, falsely seized and falsely detained, deprived of her freedom, unlawfully imprisoned and maliciously prosecuted by Defendants in violation of the civil and constitutional rights afforded to her via the Fourth Amendment and the Due Process Clauses of the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C.§1983.  All acts by the Defendants were committed under color of law, thus depriving the Plaintiff of rights secured by federal law and the United States Constitution.

38.     On or about August 23, 2008, Defendants falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving Plaintiff of her freedom.  Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

39.     Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants, and the Individual Defendant Officers actively instigated and encouraged the prosecution of the Plaintiff.

40.     Upon information and belief, the Defendants possessed, but withheld information which would have exonerated Plaintiff of the criminal charges with which she was charged.

41.     Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

42.     As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of her liberty, without probable cause.  Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

43.     The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish her guilt with respect to any of the crimes charged.

44.     Plaintiff's constitutional rights under the First Amendment were violated insofar as she was assaulted, battered, falsely imprisoned, detained and subjected to excessive false to prevent Plaintiff from speaking out about the abuse that her friend was being subjected to at the hands of Defendants.

45.     In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same and, therefore, acted in concert to harm the Plaintiff.

46.     Defendants withheld information and conspired to cover up the illegal acts delineated herein, despite the truth being apparent.

47.     As a direct result of the unlawful actions of each of the Defendants, the Plaintiff was wrongfully subjected to criminal proceedings, maliciously prosecuted, forced to endure multiple

mandatory court appearances, and face potential incarceration all based upon false premises.

48.     Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of her right to freedom from illegal seizure of her person, freedom from illegal detention and imprisonment; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983.

49.     In derogation of their duty, certain Defendant SCPD OFFICERS, having the power to do so,  failed to prevent the commission of, or neglected or refused the same, the beating and physical abuse of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

50.     In derogation of their duty, Defendants having the power to do so,  failed to prevent the abuse of process and malicious prosecution of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

51.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

52.     Furthermore, the vicious beating and other wrongful acts against TARA PRZYBYLA by Defendants COUNTY OF SUFFOLK, and SCPD OFFICERS constituted unreasonable and excessive force by correction officers, as well as abuse of process. Such actions were negligent,

reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to abuse, battery, and excessive force, but failed to prevent same and breached their duty. This punishment was in violation of the rights promised to Plaintiff under the 1st, 4th, 5th, and 14th Amendments to the United States Constitution.

53.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

54.     As a direct and proximate result of the aforesaid acts of the Defendants and each of them, the Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and she will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

55.     Plaintiff was forced to incur great expense and special damages to date for the defending the false criminal charges, attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the Defendants which have been a serious burden to Plaintiff.

56.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. 1983 - MUNICIPAL LIABILITY

57.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 56 of this Complaint with the same force and effect as though fully set forth herein.

58.     Municipalities have a duty to protect those held in custody, but prior to August 23, 2008 and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal unreasonable and illegal uses of force and beatings against female detainees, inmates and prisoners, by officers of the COUNTY, SCPD OFFICERS, and other local police departments and Officers  within the COUNTY.  Such beatings and illegal use of force were improper, and the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and use of force were justified and proper, thereby illustrating, suggesting, inferring, and implying municipal supervisors' acquiescence in the unconstitutional behavior of subordinate correction officers.

59.     As a result, police officers within the Suffolk County jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the COUNTY. Furthermore, the COUNTY failed to conduct proper or thorough investigations of such use of excessive force and such beatings.  Accordingly, as a result of the violent beatings and illegal use of force by Defendants, municipal liability is inferred. Such violent and illegal acts by Defendants imply an official policy encouraging and/or condoning the use of such force.

60.     In addition to permitting a pattern and practice of improper beatings and abuses of women in Suffolk County, the COUNTY and SCPD OFFICERS have failed to maintain a proper

system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by correction officers.

61.     The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, use excessive force, and abuse female detainees, inmates and prisoners, and the COUNTY has failed to find that civilian complaints made against correction officers are founded or valid in anyway, therefore the COUNTY is liable under 42 U.S.C. § 1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against women by its Police Officers, employees, and/or agents in violation of the United State Constitution, and because of the COUNTY AND THE Suffolk County Police Department's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant SCPD OFFICERS relied upon that flawed policy to continue their patterns of physical abuse, excessive force, and discriminatory legal enforcement, all in violation of the Plaintiffs rights.

62.     The COUNTY AND SCPD OFFICERS have maintained a system of review of unjustified beatings, and excessive use of force by police officers that has failed to identify the improper brutality by correction officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper beatings and other wrongful actions by correction officers.

63.     Further, the COUNTY, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and hiring of Defendant SCPD OFFICERS. The actions of SCPD OFFICERS have evidenced a failure to train or supervise properly. Such failure by supervisors has amounted to gross negligence on the part of

SCPD OFFICERS' superiors and the COUNTY. The COUNTY also refused and failed to prosecute the Defendant SCPD OFFICERS thereby improperly and in violation of the Plaintiffs rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter.

64.     Upon information and belief, specific systemic flaws in the COUNTY brutality review process include, but are not limited to, the following:

     a.    Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of SCPD OFFICERS actions, regardless of whether such actions are justified;

     b.    SCPD OFFICERS investigating beatings systemically fail to credit testimony by non-officer witnesses, and uncritically rely on reports by correction officers involved in the incident;

     c.    SCPD OFFICERS investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

     d.    Supervisory SCPD OFFICERS at times issue public statements exonerating correction officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the corrections facility has been completed;

     e.    Reports in brutality cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

65.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and SCPD OFFICERS caused the Defendant SCPD OFFICERS to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

66.     As a direct and proximate result of COUNTY and SCPD OFFICERS unjustifiably beat and brutalized Plaintiff, all in violation of her civil and constitutional rights, and Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

67.     Defendant COUNTY was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the SCPD OFFICERS, including the individual Defendant Officers, with respect to the use of force against female detainees, inmates, and prisoners and persons, the inquiry of women, the bringing of charges against women, and the recognition and preservation of the civil and constitutional rights of women persons.

68.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1985 - CONSPIRACY

69.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.     Defendants COUNTY, and SCPD OFFICERS conspired to deprive Plaintiff, a female citizen, of her 1st, 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully beat and brutalize Plaintiff because of or on account of Plaintiff's gender.

-16-

71.     Upon information and belief, the Defendants further deprived the Plaintiff of her due process rights; specifically, by conspiring to unlawfully beat and brutalize Plaintiff, a female without reason or justification, rule of law, and by further denying the Plaintiff her 5th Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beating causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

72.     Upon information and belief, the Individual SCPD OFFICERS were acting in their personal interests, wholly and separately from the Defendant COUNTY.  The SCPD OFFICERS actions were taken separate and apart from their duties to arrest and prosecute suspected criminals.

73.     Upon information and belief, the Individual SCPD OFFICERS took the alleged action against Plaintiff because she was a woman who was attempting to speak out against Police Officer brutality and wrongdoing.

74.     The actions by Defendants  denied the Plaintiff her due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiffs' decedent  under U.S.C. §§ 1983, 1985, and the 1st, 4th, 5th, and 14th Amendments to the United States Constitution.

75.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

76.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as

punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 - ALTERNATE LIABILITY OF THE COUNTY

77.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 76 of this Complaint with the same force and effect as though fully set forth herein.

78.    Defendants COUNTY and SCPD OFFICERS lacked justifiable reason and rational basis, and thereby engaged in  wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, causing Plaintiff deprived of her freedom, who was made to suffer physical injuries, great pain and suffering, and who was subjected to great fear and terror and personal humiliation and degradation, and continued and continues  to suffer physical pain, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants.

79.    Plaintiff acknowledges that respondeat superior is not now a basis for COUNTY and SCPD OFFICERS liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown, et al., [520 U.S. 397, 117 S.Ct. 1382 (1997)], and based upon the literature addressing the issue.

80.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

81.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**NEGLIGENCE**
**PENDENT JURISDICTION**

82.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 81 of this Complaint with the same force and effect as though fully set forth herein.

83.     In the acts complained of herein, Defendant COUNTY and SCPD OFFICERS acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner to beat, brutalize and physically harm Plaintiff. Defendant Officers had a duty not to beat, brutalize, or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent officers, by not taking actions which would unnecessarily physically harm Plaintiff  and other persons similarly situated, and acting within the scope of their authority, and not using excessive force or otherwise violating the  Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

84.     Further, Defendants COUNTY and SCPD OFFICERS, their agents, employees, and/or servants, violated the Plaintiff's rights secured under United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to hire, supervise, discipline, and investigate  the Defendant Officers involved in the instant matter. Defendants COUNTY and SCPD OFFICERS knew or should have known of the Defendant SCPD OFFICERS' propensities for the conduct which caused severe physical hard to Plaintiff, and owed but breached duties to the same.

85.   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

86.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR AN SEVENTH COUNT
### BATTERY
### PENDENT JURISDICTION

87.   Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 86 of this Complaint with the same force and effect as though fully set forth herein.

88.   Defendants COUNTY and  SCPD OFFICERS having illegally and unlawfully beat, battered, abused, and brutalized Plaintiff violated the rights of the Plaintiff as well as the laws of the State of New York.

89.   Defendant SCPD OFFICERS wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure beatings and physical abuse. Plaintiff at no time consented to such abuse or seizure of her person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

90.   Plaintiff was beat, brutalized, and physically abused against her will. Plaintiff committed no violation and/or act to justify or rationalize such illegal and unlawful conduct by the Defendant SCPD OFFICERS.

-20-

91.     Defendant SCPD OFFICERS did intentionally beat, brutalize, and abuse Plaintiff, placing her in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

92.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

93.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A EIGHTH COUNT
### MALICIOUS PROSECUTION
### PENDENT JURISDICTION

94.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 93 of this Complaint with the same force and effect as though fully set forth herein. .

95.     Defendants maliciously caused a criminal proceeding to be commenced against Plaintiff without reasonable and probable cause.  The Individual Defendants actively instigated and encouraged the baseless prosecution of the Plaintiff on various criminal  charges. As a result of this baseless prosecution, Plaintiff was falsely detained, wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted. The criminal proceeding is till pending against Plaintiff.

96.     The false detainment, wrongful arrest, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendants, constituted unreasonable and excessive force by police officers, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's First, Fourth, Fifth, Sixth and Fourteenth Amendment rights.  The Defendants negligently and recklessly breached their duty under the United States Constitution to prevent the commission of the civil rights violations perpetrated against Plaintiff, including violations of 42 U.S.C. §§ 1981, 1983, and substantive and procedural due process infractions.

97.     Said baseless prosecution was continued by the Defendants' refusal to adequately investigate and properly discipline the SCPD OFFICERS for their actions against the Plaintiff. Specifically, the COUNTY failed to investigate and  verify the veracity of the Plaintiff's claims, despite the lack of substantial evidence supporting the accusatory instrument  -- such evidence including eye-witnesses, consistent testimony, and the blatant lack of any probable cause for wrongly stopping, detaining and arresting, prosecuting and imprisoning.

98.     The continued action taken by the SCPD OFFICERS, to prosecute, persecute and fully inconvenience the Plaintiff with false criminal charges is a malicious prosecution, in that using the courts and judicial process to persecute, intimidate, inconvenience and further damage the Plaintiff, despite no significant evidence for prosecuting the baseless criminal charges and a complete absence of reasonable or probable cause.

99.     Said baseless and malicious prosecution was taken and continued without probable cause and as a direct result of malice.

100.    As a result of said baseless and malicious prosecution, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in her incurring of attorney fees, lost business opportunities, and other expenses incurred in

the attempt to clear the Plaintiff from these false and maliciously imposed criminal charges.

101.    As a result of said baseless and malicious prosecution, Plaintiff was subjected to a highly substantial and identifiable interference with her person, property and business based upon her arrest and unlawful detention on August 23, 2008. Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless and malicious  prosecution of this matter of fifteen (15) months, and continuing to date, and she was subjected to significant burden and humiliation by being required to appear in court for the pending criminal action.

102.    As a further result of said baseless and malicious prosecution, Plaintiff was forced to incur legal expenses in the amount of approximately $10,000.00 (Ten Thousand Dollars)  in order to defend himself against these frivolous charges, baseless prosecution and abuse of process and approximately $250 for other expenses related to her defense of the criminal action.

103.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered loss of approximately three (3) personal days, to date, at her employment at Oyster Bay-East Norwich School District, valuing approximately $500.00 (Five Hundred Dollars) per day.

104.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered loss of her driving privileges, incurred approximately $750.00 for a Driver Assessment Fee and has expended over Four Thousand Eight Hundred ($4,800.00) in expenses related to car pooling to her place of employment.

105.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered injury to her reputation in the community and her professional reputation.

106.    By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00) dollars,  including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A NINTH COUNT
### ABUSE OF PROCESS
### PENDENT JURISDICTION

107.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 106 of this Complaint with the same force and effect as though fully set forth herein.

108.    Defendants' accusations and allegations against plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause plaintiff injury and to harass plaintiff and were clearly the improper exercise of the police power, the resources of government as well as an abuse of process.

109.    That the false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of plaintiff's civil rights were brought about and caused by the actions of defendants and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

110.    As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in her incurring of attorney fees, lost business opportunities, and other expenses incurred in the attempt to clear the Plaintiff from these false and maliciously imposed criminal charges.

111.    As a result of said abuse of process, Plaintiff was subjected to a highly substantial and identifiable interference with her person, property and business based upon her arrest and unlawful detention on August 23, 2008. Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless and malicious prosecution of this matter of fifteen (15) months, and continuing to date, and she was subjected to significant burden and humiliation by being required to appear in court for the pending criminal action along with other criminal defendants.

-24-

112.    As a further result of said baseless and malicious prosecution, Plaintiff was forced to incur legal expenses in the amount of approximately Ten Thousand Dollars ($10,000.00) in order to defend himself against these frivolous charges, baseless prosecution and abuse of process and approximately Two Hundred and Fifty Dollars ($250.00) for other expenses related to her defense of the criminal action.

113.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered loss of approximately three (3) personal days, to date, at her employment at Oyster Bay-East Norwich School District, valuing approximately Five Hundred Dollars ($500.00) per day.

114.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered loss of her driving privileges, incurred approximately Seven Hundred and Fifty Dollars ($750.00) for a Driver Assessment Fee and has expended over Four Thousand Eight Hundred ($4,800.00) in expenses related to car pooling to her place of employment.

115.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered injury to her reputation in the community and her professional reputation.

116.    That by reason of the foregoing, Plaintiff has been placed in fear of her life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending her work and business for a long time, was deprived of access to her family and was deprived of her constitutional rights and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR A TENTH COUNT
### FALSE ARREST
### PENDENT JURISDICTION

117.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 116 of this Complaint with the same force and effect as though fully set forth herein.

118.    On or about the 23rd day of August, 2008, in the COUNTY OF SUFFOLK, Defendant SCPD OFFICERS, intentionally, falsely, unlawfully and wrongfully, with force and without plaintiff's consent and against her will, assaulted, battered, falsely arrested and falsely imprisoned plaintiff by detaining plaintiff and imprisoning her and deprived her of her liberty for an unreasonable time.

119.    By reason of the above and in particular said false arrest, plaintiff's reputation has been greatly injured and he has been brought into public scandal and disgrace, and has been greatly hindered and prevented from following and transacting her affairs and business, and has suffered great emotional trauma and harm, all to her damage.

120.    That by reason of the foregoing, plaintiff has been placed in fear of her life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending her work and business for a long time, was deprived of access to her family and was deprived of her constitutional rights and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR ELEVENTH COUNT
### FALSE IMPRISONMENT
### PENDENT JURISDICTION

121.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 120 of this Complaint with the same force and effect as though fully set forth herein.

122.    On or about the 23rd day of August 2008, in the County of Suffolk, Defendant SCPD OFFICERS maliciously and deliberately, with force and arms, detained and arrested Plaintiff, without any probable or reasonable cause and without any warrant or other legal process therefor, and thereupon maliciously with wanton and reckless disregard for her life,  beat her and thereafter

-26-

detained her for an unreasonable length of time against Plaintiff's will and without her consent.

123.    Plaintiff was detained for an unreasonable period of time as a result of said false arrest, and was aware of such detainment.

124.    That Defendant SCPD OFFICERS engaged in the above mentioned actions without probable cause in that they did not honestly, reasonably and in good faith believe Plaintiff to be guilty of any crimes.

125.    Defendants acted maliciously in arresting, interrogating, detaining, battering, assaulting, and transporting plaintiff, all against her will in that the defendants desired to harm plaintiff.

126.    As a result of the foregoing, Plaintiff has suffered injury to her good name and reputation and has suffered great mental and bodily distress during her false imprisonment and afterwards, all to her damage.

127.    That by reason of the foregoing, Plaintiff has been placed in fear of her life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed her to disgrace, public humiliation and embarrassment was prevented from attending her work and business for a long time, was deprived of access to her family and was deprived of her constitutional rights and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR A TWELFTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PENDENT JURISDICTION

128.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 127 of this Complaint with the same force and effect as though fully set forth herein.

129.    The COUNTY and SCPD OFFICERS acted outrageously for their above-stated roles in the wrongful stop, detainment, false arrest, prolonged captivity, assault, battery, intimidation and public humiliation of the Plaintiff.

130.    Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by COUNTY and SCPD OFFICERS to be without basis, yet prosecuted Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff.

131.    In light of the Plaintiff's physical illness, said conduct was even more outrageous, callous, malicious, and dangerous to the emotional well-being of said Plaintiff.

132.    The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

133.    That by reason of the foregoing, plaintiff has been placed in fear of her life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed her to disgrace, public humiliation and embarrassment, was deprived of access to her family and was deprived of her constitutional rights and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

WHEREFORE Plaintiffs demand judgment against Defendants:

a.    on the First Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

b.    on the Second Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

c.    on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

d.    on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

e.    on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

f.    on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

g.      on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

h.      on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

i.      on the Ninth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

j.      on the Tenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

k.      on the Eleventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

l.      on the Thirteenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

m.      Punitive damages in the amount of TEN MILLION ($10,000,000) DOLLARS.

n.      Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

o.      Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

p.      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

q.      Award such other and further relief as this Court may deem appropriate.

### ***A JURY TRIAL IS HEREBY DEMANDED***

Dated: November 20, 2009
      Hempstead, New York

                    Respectfully submitted,

                    THE LAW OFFICES OF
                    FREDERICK K. BREWINGTON

By:                  
                    FREDERICK K. BREWINGTON
                    *Attorneys for Plaintiffs*
                    50 Clinton Street, Suite 501
                    Hempstead, New York 11550