```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TARA PRZYBYLA,
                              Plaintiff,


         -against-                                         MEMORANDUM AND ORDER
                                                           09-CV-5129 (AYS)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE OFFICER BRIAN MCMURRAY,
SUFFOLK COUNTY POLICE OFFICER
ROBERT MUDZINSKI, SUFFOLK COUNTY
POLICE OFFICER PETER ERVOLINA and
SUFFOLK COUNTY POLICE OFFICER
JOHN DOES 1-4 in their official and
individual capacities,

                              Defendants.
----------------------------------------------------------X
```
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff Tara Przybola ("Plaintiff") commenced this action against defendants County of Suffolk (the "County"), Suffolk County Police Officer Brian McMurray ("Off. McMurray"), Suffolk County Police Officer Robert Mudzinski ("Off. Mudzinski"), Suffolk County Police Officer Peter Ervolina ("Off. Ervolina") (collectively "Individual Defendants"), and Suffolk County Police Officer John Does 1-4 in their official and individual capacities (collectively "Defendants"), alleging, <u>inter</u> <u>alia</u> violations, of her constitutional rights pursuant to 42 U.S.C. § 1983 and state law claims of battery and intentional infliction of emotional distress.

Presently before this Court is the Defendants' motion to dismiss Plaintiff's state law claims for failure to comply with General Municipal Law § 50-h. For the reasons set forth below, the motion to dismiss the state law claims is GRANTED.

BACKGROUND

Plaintiff alleges that on August 23, 2008, during a traffic stop resulting in her arrest, she was subjected to the use of excessive force at the hands of the Defendant police officers.

On November 18, 2008, Plaintiff filed a Notice of Claim on Defendants. On October 15, 2009, a hearing under New York General Municipal Law § 50-h ("50-h Hearing") was held. At the 50-h hearing, Plaintiff invoked her Fifth Amendment privilege against self-incrimination. In particular, she refused to answer any questions propounded by the County regarding the August 23, 2008 incident due to the pending criminal matter against her at the time in the Suffolk County District Court. See 50-h Hearing Tr. 34:18-36:21; 40:19-41:15; 44:13-45:8; 53:3-54:17; 55:23-56:7. At Plaintiff's initial invocation of her Fifth Amendment privilege against self-incrimination, her counsel stated the following:

> At this point in time my client intends to assert her Fifth Amendment privilege against self incrimination and will not answer any questions regarding the August 23, 2008 incident. However, it is this office's position and my client's position that with the information she has provided thus far that the County's Attorney's Office is in the position to properly defend and investigate the case, This office is not adverse to a continuation of this proceeding once the criminal matter is terminated and we will notify your office immediately upon termination of this criminal action for the continuation of the 50H.

Id. at 36:4-21.

On November 20, 2009, Plaintiff filed the instant action. See Compl., DE [1]. On March 16, 2010, the parties jointly requested the matter be stayed pending the conclusion of the underlying criminal proceedings. See DE [5]. On March 17, 2010, the stay was granted. On January 3, 2013, Plaintiff's counsel notified this Court that the criminal

proceedings had concluded, see DE [20], and on January 15, 2013, the stay was lifted and a discovery schedule was entered. See DE [22].

Trial commenced on February 27, 2017. See DE [63]. Upon the conclusion of Plaintiff's case in chief, the Defendants moved to dismiss Plaintiff's state law claims for failure to comply with the requirements of Section 50-h of the General Municipal Law, namely Plaintiff's failure to reschedule the 50-h Hearing upon the conclusion of Plaintiff's criminal proceedings.

## DISCUSSION

I. Legal Standard

As a condition precedent to bringing a state law tort claim against a municipality a plaintiff must file a Notice of Claim within ninety days after her claim accrues. See N.Y. GEN. MUN. L. § 50-e. After receiving the Notice of Claim, the municipality may demand a 50-h Hearing to examine "the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." Id.§ 50-h(1). "[I]f the claimant fails to appear at the hearing or request an adjournment or postponement," the state law claims cannot proceed against the municipality. Id. § 50-h(5). Notice of claim requirements are construed "strictly" and "[f]ailure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action." Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793-94 (2d Cir. 1998); Cincotta v. Hempstead Sch. Dist., 2016 WL 4536873 *19 (E.D.N.Y. 2016).

II. The Parties' Positions

Defendants argue that Plaintiff's failure to reschedule the 50-h Hearing upon the conclusion of the criminal proceedings in 2012, mandates dismissal of Plaintiff's state

3

law claims for failure to comply with the Notice of Claim requirements under New York law. Plaintiff argues that counsel notified both Defense counsel, and the Court, in the January 3, 2013 letter, DE [20], submitted to the Court, as well as in response to interrogatories, that the criminal matter was concluded. See DE [66]. Plaintiff asserts that the Defendants took no action to reschedule the 50-h Hearing once being notified, and that they were, in any event, in possession of enough information to adequately address Plaintiff's claim. Plaintiff also contends that the time in which the Defendants were to move as to the state law claims has passed, since the deadline for dispositive motion practice was set in the discovery schedule as January 14, 2014. See id.

III. The State Law Claims are Barred

This Court finds that when Plaintiff failed to answer questions as the 50-h Hearing and thereafter failed to request a rescheduling of that hearing she failed to comply with New York's Notice of Claim requirements. It is therefore held that Plaintiff is precluded from asserting her state law causes of action.

A Plaintiff who refuses to answer questions at a 50-h hearing cannot later pursue state law claims without rescheduling the hearing at the conclusion of criminal proceedings. Indeed, when ruling on the effect of invoking the Fifth Amendment privilege it has been noted that:

"[t]he privilege against self incrimination was intended to be used solely as a shield, and thus a plaintiff cannot use it as a sword to harass a defendant and to effectively thwart any attempt by defendant at a pretrial discovery proceeding to obtain information relevant to the cause of action alleged and possible defenses thereto." Nasca

v. Town of Brookhaven, 10 A.D.3d 415, 416, 781 N.Y.S.2d 137, 138 (2d Dep't 2004) (citation omitted).

"A party who has failed to comply with a demand for examination pursuant to General Municipal Law § 50-h is precluded from commencing an action against a municipality." Bernoudy v. Cty. of Westchester, 40 A.D.3d 896, 837 N.Y.S.2d 187 (2d Dep't 2007). Although the Second Circuit has not definitively decided the issue, courts facing this issue have placed the burden on the plaintiff to resolve any discrepancies regarding the rescheduling of a 50–h Hearing in accordance with the Second Circuit's directive to construe Notice of Claim requirements "strictly." See, e.g., Simon v. City of New York, 2011 WL 317975, at *15 n. 17 (E.D.N.Y. Jan. 3, 2011) (report and recommendation) ("[E]ven if Simon did not get the notice of the rescheduled [50–h] hearing, precedent suggests that it is the claimant who is required to ensure that the hearing she has adjourned is rescheduled to a new date."), adopted by 2011 WL 344757 (E.D.N.Y. Feb.1, 2011); cf. Kemp v. Cty. of Suffolk, 61 A.D.3d 937, 878 N.Y.S.2d 135, 136 (2d Dep't 2009) ("Under the circumstances of this case, where the plaintiff invoked his Fifth Amendment privilege against self-incrimination at the hearing pursuant to General Municipal Law § 50–h ... the plaintiff, not the County defendants, was obligated to reschedule a continuation of the 50–h hearing after the criminal proceeding terminated two years later.").

Here, although Plaintiff is correct in stating that she filed a letter on the docket indicating that the criminal proceeding was concluded, she never took the affirmative step required by New York State to reschedule the 50-h Hearing. For this reason, Plaintiff's failure to reschedule the 50-h Hearing is a complete bar to her state law claims

5

against the Defendants. It is no answer to argue, as stated by Plaintiff's counsel on the record, that the Defendants were already in possession of sufficient information to investigate Plaintiff's claim without a further 50-h hearing. Indeed, it is not for this court to excuse Plaintiff's failure to follow-up by making a determination that the information provided by witnesses other than the Plaintiff was sufficient to investigate her claim. The clear and well-settled requirement that the notice of claim statute be strictly construed bars such an approach.

Further, to the extent that Plaintiff asserts that the dispositive motion deadline has long passed and the Defendants' motion to dismiss is untimely, the Court notes that such a deadline is discretionary and does not preclude this Court from considering the Defendants' application. The Court further notes that the docket reflects that discovery has been extended and reopened well after the January 14, 2014 dispositive motion practice deadline Plaintiff references, most recently at conference held before this Court on May 27, 2015. See DE [38]. Accordingly, the Court retains discretion to manage cases in the interest of justice.

Therefore, this Court GRANTS the Defendants' motion to dismiss Plaintiff's state law claims for failure to comply with General Municipal Law § 50-h.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss Plaintiff's state law claims for failure to comply with General Municipal Law § 50-h is granted.

Dated: Central Islip, New York
March 3, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge