UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TARA PRZYBYLA,

                        Plaintiff,

      -against-                                  **MEMORANDUM AND ORDER**
                                                                            09-CV-5129 (AYS)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE OFFICER BRIAN MCMURRAY,
SUFFOLK COUNTY POLICE OFFICER
ROBERT MUDZINSKI, SUFFOLK COUNTY
POLICE OFFICER PETER ERVOLINA and
SUFFOLK COUNTY POLICE OFFICER
JOHN DOES 1-4 in their official and
individual capacities,

                        Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Plaintiff Tara Przybyla ("Plaintiff") commenced this action against defendants County of Suffolk (the "County"), and Suffolk County Police Officers Brian McMurray, Robert Mudzinski and Peter Ervolina (collectively the "Individual Defendants (collectively "Defendants"). Her complaint alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York State law.[1]

       The case proceeded to trial before the undersigned against the named Defendants on February 27, 2017. The sole claim that proceeded to the jury was the excessive force claim against Defendant Police Officer Mudzinski. See Docket Entry herein ("DE") 76

---

[1]     Although the complaint references sections of law other than Section 1983, Plaintiff's counsel made clear at trial that Plaintiff was not pursuing any Federal civil rights claim other than those arising under Section 1983.

1

(Memorandum and Order explaining the Court's decision as to the claim to be charged to the jury). On March 6, 2016, the jury returned a defense verdict. Plaintiff was granted 30 days in which to submit any post-trial motion. That deadline was later extended, and Plaintiff filed her post-trial motion on April 20, 2017. DE 84. That motion was opposed on June 9, 2017, DE 88, and is now ripe for decision.

Plaintiff moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. In support of the motion Plaintiff argues that Defense counsel "participated in attorney misconduct" during her closing argument by "making inappropriate remarks, misstatements of law and speculation unsupported by the record." DE 84 at 2. For the reasons set forth below, this Court disagrees, and denies the motion for a new trial in its entirety.

I.  Legal Principles: Standard for Rule 59 Motion for a New Trial

Rule 59(a)(1) of the Federal Rules of Civil Procedure codifies a trial court's ability to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1) ("Rule 59"). Among the grounds for granting a new trial is attorney misconduct in the form of making inappropriate comments during summation. Where such comments are held to have improperly influenced a jury, a new trial may be granted. See e.g., Pappas v. Middle Earth Condominium Ass'n., 963 F.2d 534, 539 (2d Cir. 1992). While counsel certainly has latitude in remarking upon the evidence, that latitude does not include comments that offend the "fundamental sense of fairness which guides our system of justice, and by the rules governing the ethical conduct of attorneys." Id. at 540.

When considering whether counsel's conduct warrants the grant of a Rule 59

motion, the Court must evaluate challenged statements in the context of the entire trial, and the evidence presented therein. Moreover, it is the trial Court that is in the best position to evaluate whether a jury verdict has been so tainted as to warrant a new trial. Not all allegations of misconduct warrant a new trial. "Some conduct is de minimis in the context of the entire trial, and some is promptly dealt with by the trial court's rulings and curative instructions. Yet, when the conduct of counsel in argument causes prejudice to the opposing party and unfairly influences a jury's verdict, a new trial should be granted." Id. at 540 (citations omitted).

With these standards in mind and the Court's recollection of the entire trial clear, the Court now turns to the merits of Plaintiff's motion.

II. Plaintiff's Arguments

As noted, Plaintiff's Rule 59 motion is based upon statements made by defense counsel during summation. In particular, Plaintiff argues that the jury was tainted by counsel's characterization of Plaintiff as a "drama queen," a term that is deemed inappropriate because it is gender-specific, and which tended to portray Plaintiff as a "silly woman who overreacts to everything". Plaintiff further argues that defense counsel exceeded the bounds of appropriate closing remarks when she:

- indicated that police officers shouldn't be discouraged from making arrests for fear of being named as defendants in future civil lawsuits,
- implied that Plaintiff's lawsuit was motivated by a desire to retaliate against law enforcement,
- indicated that an award to Plaintiff would cheapen the cause of those who have genuinely been injured by police misconduct,

3

- stated that it was the Plaintiff's burden to prove that the named police officer "beat her up",
- noted that the Plaintiff failed to call her passenger or a mental health provider as witnesses in the case,
- stated that the named police officer did not have to testify in this case because it is the Plaintiff who bears the burden of proof, and,
- noted Plaintiff's conviction of driving while impaired on the night at issue and commented that "innocent people don't plead guilty."

III.   The Motion for a New Trial is Denied

Upon the Court's review of the summations and its recall of the trial testimony and evidence, including the demeanor of all witnesses, the Court concludes that none of the remarks relied upon by Plaintiff, whether considered alone or in the aggregate, tainted the jury so as to require a new trial.

First, the characterization of Plaintiff as a "drama queen" does not require a new trial. The remark is not inherently gender specific, and can be considered fair comment during summation as to Plaintiff's demeanor. It was certainly for the jury to determine whether to believe Plaintiff's version of the events forming the basis of her lawsuit (which they did not). Defense counsel's remarks on summation merely offered her observations of Plaintiff's lack of eye contact with jurors and asked that they consider Plaintiff's overall demeanor, contrasting her behavior upon direct and cross- examination.

Counsel's remarks concerning Plaintiff's possible motivation for bringing this lawsuit do not require a new trial. The jury was quite aware that Plaintiff sought money damages, and Plaintiff's counsel was clear in attempting to quantify those damages by

4

asking for a particular amount for each day that Plaintiff might continue to suffer in the future. Defense counsel was within the bounds of fair comment to ask the jury to consider any possible motivation for bringing this lawsuit when considering Plaintiff's credibility.

When considering the overall impressions that both sides try to portray to the jury, it strikes that Court as particularly disingenuous for Plaintiff to argue that Defense counsel inappropriately remarked that a Plaintiff's verdict would cheapen the cause of those who may have in fact have been victimized by police. This Court recalls Plaintiff's counsel making similar broad-based arguments, arguing that the jury should not reward officers who reflexively corroborate each other's version of events, and suggesting that a Plaintiff's verdict would send a message that brutal police misconduct will not go unpunished. Even in the absence of such comments by Plaintiff's counsel, Defense counsel's remarks as to Plaintiff's motivation were within the realm of suggestions that could properly be offered for the jury's consideration.

As to the argument that the defense summation misstated the law, Plaintiff takes issue with Defense counsel's remarks concerning issues of burden of proof, and the failure to call witnesses. Apart from the fact that this Court clearly instructed the jury that summations do not constitute evidence, and that it would be instructed as to the law to apply by the Court, Defense counsel's summation did not improperly "instruct" the jury as to the law to apply. While Plaintiff did not have to prove that the police officer "beat her up," it was certainly fair to characterize Plaintiff's testimony as claiming that she was "beaten." Further, it was obviously Plaintiff's burden to prove the use of excessive force. While Defense counsel made a mistaken remark regarding the identity of the party calling Officer Mudzinski to testify, this was promptly cured by the Court. Additionally,

Defense counsel properly alluded to the burden of proof when stating that Officer Mudzinski did not have to testify. It was, as stated, Plaintiff's burden to prove her case by a preponderance of the evidence. In any event, this Court pointed out that it would instruct the jury as to the burdens of proof, and the necessity of giving truthful testimony when called. Perhaps most importantly, Officer Mudzinski testified in this matter, and the jury had the opportunity to evaluate his credibility.

Nor was the jury unfairly prejudiced by the remark that "innocent people don't plead guilty," concerning Plaintiff's prior guilty plea in connection with her plea of driving while impaired on the night at issue. As this Court pointed out, the jury had the prior sworn testimony before them to consider in connection with their evaluation of Plaintiff's credibility. That testimony was available to the jury when considering whether to believe Plaintiff's version of her mental state at the time of the incident. It bears emphasizing Plaintiff's claim that she was in full control of her faculties at the time of the incident, and that the officers offered a completely different version of the facts. Plaintiff's prior testimony was appropriate for the jury to consider as impeachment of her version of the events on the night at issue. After all, there is no question but that the jury's assessment of witness credibility was the essential component in determining whether the Plaintiff sustained her burdens of proof and proved any entitlement to a damage award.

Finally, it was fair for Defense counsel to note that Plaintiff failed to call an eye witness to Plaintiff's behavior on the night in question, or any particular expert to corroborate her claims of emotional and lasting medical injury. While it is true that Plaintiff's treating nurse could not testify at trial, Plaintiff neither prepared nor submitted

an expert report or a treating or expert physician to testify as to Plaintiff's emotional harm and prior use of prescription drugs. Instead, the only physician who was called was Plaintiff's treating dermatologist.

In sum, when considering Defense counsel's summation (the only argument advanced in favor of Plaintiff's motion for a new trial) in light of the entire trial, including the witnesses' demeanor and testimony, and all of the evidence presented in this matter, this Court holds that counsel's remarks were fair comment. Her summation did not approach the type of remarks that would warrant a grant of a motion under Rule 59. Accordingly, the motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion pursuant to Rule 59 of the Federal Rules of Civil Procedure appearing under Docket Entry No. 84 on the docket herein. The motion is denied and the Clerk of the Court is directed close the file in this case.

Dated: Central Islip, New York
July 11, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge